IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WINSTON BERNARD LUCAS, # 216848, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:17-CV-630-MHT-SMD |
| ) | [WO] |
| KARLA WALKER JONES, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### **I. INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Winston Bernard Lucas ("Lucas") on September 20, 2017. (Doc. 1). Lucas challenges his 2013 Elmore County guilty plea conviction for first-degree sexual abuse of a child less than 12 years old, for which he was sentenced to 20 years in prison. He seeks relief on grounds (1) he was denied a preliminary hearing; (2) he received ineffective assistance of counsel; (3) he was not informed of the nature of the charges against him before he entered his guilty plea; and (4) he did not understand his possible sentence when pleading guilty and his sentence was improperly enhanced. (Doc. 1) at 5–10. Respondents argue that Lucas's § 2254 petition is time-barred under AEDPA's one-year limitation, as set forth in 28 U.S.C. § 2244(d). (Doc. 7) at 3–5. The court agrees and finds that Lucas's petition should be denied without an evidentiary hearing and this case should be dismissed with prejudice.

## II. DISCUSSION

### A. AEDPA's One-Year Limitation Period

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. State Court Proceedings

On June 24, 2013, Lucas pled guilty in the Elmore County Circuit Court to first-degree sexual abuse of a child less than 12 years old, in violation of § 13A-6-69.1, Ala.

2

Code 1975. (Doc. 7-1) at 2; (Doc. 7-2) at 2. On July 30, 2013, the trial court sentenced Lucas to 20 years in prison. (Doc. 7-1) at 3; (Doc. 7-3) at 2–3. Lucas took no appeal. Lucas also never filed a petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.

**C.   Analysis of Timeliness**

Because Lucas took no direct appeal, his conviction became final for federal habeas purposes on September 10, 2013, i.e., 42 days after his July 30, 2013 sentencing. *See* Ala.R.App.P. 4(b)(1); 28 U.S.C. § 2244(d)(1)(A); *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002). The AEDPA's one-year limitation period thus commenced on September 10, 2013. *See* 28 U.S.C. § 2244(d)(1)(A). Absent statutory or equitable tolling, the limitation period would have expired for Lucas one year later on September 10, 2014. Lucas filed his § 2254 petition on September 20, 2017.

**Statutory Tolling**

Under 28 U.S.C. § 2244(d)(2), AEDPA's one-year limitation period is tolled during the pendency in the state courts of a properly filed state petition challenging a petitioner's conviction and sentence. *See* 28 U.S.C. § 2244(d)(2) (stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section"); *see also Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001); *Moore v. Crosby*, 182 F. App'x 941 (11th Cir. 2006). As noted above, Lucas never filed a Rule 32 petition in the trial court. Consequently, he is entitled to no tolling under § 2244(d)(2).

3

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B) through (D) also provide no safe harbor for Lucas by affording a different triggering date so that AEDPA's limitation period commenced on some date later than September 10, 2013, or expired on some date after September 10, 2014.  There is no evidence that an unlawful state action impeded Lucas from filing a timely § 2254 petition, *see* 28 U.S.C. § 2244(d)(1)(B), and Lucas submits no ground for relief with a factual predicate not discoverable earlier with due diligence.  *See* 28 U.S.C. § 2244(d)(1)(D).  Lucas also presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  *See* 28 U.S.C. § 2244(d)(1)(C).

## Equitable Tolling

The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence."  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  The diligence required is reasonable diligence, not "maximum feasible diligence," *id.* at 653, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing.  *San Martin v. McNeil*, 633 F. 3d 1257, 1267 (11th Cir. 2011).  "[E]quitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly."  *Hunter v. Ferrell*, 587 F.3d 1304, 1308

(11th Cir. 2009). "The petitioner bears the burden of showing that equitable tolling is warranted." *Id.*

Lucas appears to suggest that equitable tolling should apply to his § 2254 petition because, he says, he filed several motions for discovery and sentence reconsideration, starting in August 2015, "trying to get some understanding about my case, and why I was sentenced under the Old Law," to which he got no response from the Elmore Circuit Court.[1] (Doc. 1) at 13. Lucas says he also wrote several letters to his lawyer at the same time, asking the same questions, to which he also got no response. (*Id.*). Lucas's cursory assertions here fail to demonstrate due diligence on his part or extraordinary circumstances preventing him from filing a timely § 2254 petition. Moreover, he demonstrates no causal link between these asserted matters and the filing of his § 2254 petition after expiration of AEDPA's one-year limitation period. Assuming he did begin to make such inquiries of the Elmore Circuit Court and his lawyer in August 2015, such inquiries were not undertaken until approximately 11 months after AEDPA'S limitation period expired. Thus, Lucas's alleged failure to receive responses to his inquiries could not have been the cause for him failing to file a § 2254 petition by the September 10, 2014, expiration of the limitation period. *San Martin,* 633 F. 3d at 1267. Lucas demonstrates no entitlement to equitable tolling.

---

[1] *See* Docs. 7-4 (Aug. 12, 2015 "Motion to Consolidate Sentences and Cases"); 7-5 (Jan. 24, 2017 "Motion of Discovery and Reconsideration"); 7-6 (March 22, 2017 "Motion of Discovery and Reconsideration"); and 7-7 (May 12, 2017 "Motion of Discovery and Reconsideration").

Lucas's § 2254 petition is subject to AEDPA's one-year imitation period. Because Lucas failed to file his § 2254 petition within the limitation petition, his petition is time-barred and his claims are subject to no further review by this court. *See* 28 U.S.C. § 2244(d)(1)(A).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Lucas's petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before June 26, 2020**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 12th day of June, 2020.

                    /s/ Stephen M. Doyle
                    STEPHEN M. DOYLE
                    UNITED STATES MAGISTRATE JUDGE